IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 18-249-6 |
| AMIR BOYER | |

## MEMORANDUM AND ORDER

Defendant Amir Boyer has filed a Motion for Pretrial Release on Bail (ECF 107). At a prior pretrial hearing before Honorable Timothy R. Rice, U.S. Magistrate Judge, Judge Rice heard evidence and made findings of fact and determined that Defendant Boyer should be detained.

It appears that one of the factors that Judge Rice relied on, that Defendant Boyer was on parole or supervised release at the time of this offense, was erroneous. For this reason, this Court will give careful consideration to the other facts presented by the Government and counsel for Defendant Boyer in the appeal to this Court from Judge Rice's decision.

The Court believes it is correct, as Defendant Boyer asserts, that the factual allegations in the Indictment about his involvement in specific acts and other conduct are not as serious as with other defendants and that, from the allegations in the Indictment, one might conclude that his role in this conspiracy, if any, was somewhat less than other defendants. However, this is not the test under the prevailing statute. The allegations in the Indictment, and the fact that the Defendant faces a mandatory minimum sentence of twenty (20) years, require the Court to apply the presumption provided by statute, 18 U.S.C. § 3142(e), that authorizes pretrial detention, although the Court must give consideration to factors presented by the Defendant.

The Defendant has asserted his innocence and contends that he is self-employed in the sale of clothing. He has good family relationships in Philadelphia.

However, there is substantial evidence on the record, considering the exhibits the Government attached to its motion filed in response to the Defendant's appeal that indicate that there are factors from which the Court concludes that the presumption has not been rebutted.

Primary among this are the excerpts of intercepted telephone conversations from which a jury could conclude that the Defendant was involved in drug transactions as alleged in the Indictment. Furthermore, there are some Instagram photos, one of which makes reference to the Defendant's nickname, "Mullarulez," followed by text, "Gotta keep her clean….bore" with a photo of a gun and at least one bullet—which suggests that the Defendant was in possession of a firearm, which itself would be a federal crime in view of the fact that the Defendant previously plead guilty to a felony offense in state court in 2010. Convicted felons in possession of a firearm are a major factor in causing violent crimes in Philadelphia. This fact supports our inference that Defendant was in possession of at least one of the guns seized at the time of his arrest.

The Court had inquired as to whether Defendant Boyer could post real property as security for his appearances in this case. So far, his counsel has proposed a building owned by his sister located in Philadelphia. However, the record shows that this property was acquired in June of 2018 from one of the co-defendants in this case, and has a value of approximately $63,000.00, and that there is a tax lien on the property. It is also not clear who, if any, relatives of Mr. Boyer actually live in this property at this time, or what capacity it has for him. The circumstances and the value do not provide adequate security. Given the overall circumstances, the Court concludes that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required for the safety of the community. There is probable cause to believe that the Defendant committed the offenses charged against him.

If there are undue delays in the trial of this case, not the fault of the Defendant, the Court will reconsider pretrial release at that time.

**BY THE COURT:**

**Dated:  December 20, 2018**

*/s/ Michael M. Baylson*

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\Criminal Cases\18cr249 US v West et al\18cr249 memo and order re Boyer.docx